UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSEPH MARZULLO,                              CIVIL ACTION NO.
    Plaintiff,                     CV18-6352 (RA KHP)

  v.

621 EVENTS LLC,
    Defendant               **DEFENDANT'S ANSWER**
               **AND THIRD-PARTY**
_____            **COMPLAINT**
621 EVENTS LLC,

    Third-Party Plaintiff,

  v.

SPOT & COMPANY OF MANHATTAN, INC.,
COMPANY A, COMPANY B and COMPANY C,

    Third-Party Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

  Defendant/Third -Party Plaintiff 621 EVENTS, LLC ("621" or "Defendant") by its attorney PETER J. TOMAO, ESQ., as and for its Answer to the Complaint of Plaintiff JOSEPH MARZULLO ("Marzullo" or "Plaintiff") herein and its Third-Party Complaint against SPOT & COMPANY OF MANHATTAN, INC. ("SpotCo") and Defendant Company A, Company B and Company C herein, alleges:

## I.

## BACKGROUND

  This is a case in which the Defendant/Third-Party Plaintiff, 621 entered into a contract with Third-Party Defendant, SpotCo , to allow SpotCo to use its property to host an event, namely the "2015 Tony Awards Creative Arts Cocktail Party," in exchange for

1

the right to use all photographs taken at the event to include photographs allegedly taken by Plaintiff Marzullo, whom SpotCo apparently invited and/or allowed entry onto 621's property to take photographs as an employee and/or agent of PlayBill, is now suing 621 for copyright violation for using those photographs notwithstanding 621's contract with SpotCo.

## II.

## ANSWER TO COMPLAINT

1. Paragraphs 1 and 2 state conclusions of law to which no response is required.

2. Admits Paragraphs 3 and 4.

3. Denies sufficient knowledge or information to form a belief as each and every other allegation made in Paragraphs 5

4. Denies each and every other allegation made in Paragraph 6 but admits that 621 Events LLC is a domestic limited liability company with its principal place of business at Hudson Terrace, 621 W. 46th Street, New York NY 10036 and owned and operated a website at the URL: www.hudsonterracenyc.com (the "Website").

5. Denies sufficient knowledge or information to form a belief as each and every other allegation made in Paragraphs 7 through 10 of the Complaint herein.

6. Denies each and every other allegation made in Paragraph 11 of the Complaint herein but admits that it ran an article on its Website entitled *2015 Tony Awards Creative Arts Cocktail Party*.

7. Denies Paragraph 12.

8. In response to Paragraph 13 repeats and reiterates each and every response to the allegations contained in Paragraphs 1 through 12 of the Complaint herein as if fully set forth herein.

9. Denies each and every other allegation made in Paragraphs 14 through 16 of the Complaint herein.

10. Paragraph 17 of the Complaint herein states conclusions of law to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim upon relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. The Complaint should be dismissed on the basis of documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. The Complaint should be dismissed as Plaintiff is barred from bringing these claims based upon the principles of laches and equitable estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. The Complaint should be dismissed as Defendant, at all times relevant herein, acted reasonably, in good faith, with due care and diligence, and without any willful or intentional misconduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. The Complaint should be dismissed as Defendant had a license and/or authority to use the subject materials on Defendant's website.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16.     The Complaint should be dismissed as Plaintiff never requested that Defendant cease and/or desist using the subject materials.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17.     The Complaint should be dismissed as Plaintiff did not request that the subject materials be taken off the subject website.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18.     The Complaint should be dismissed on the basis of Plaintiff's unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19.     The Complaint should be dismissed because Plaintiff's photographs are not entitled to copyright protection.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20.     The Complaint should be dismissed as Plaintiff cannot establish any damages as a result of any of the causes of action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.     On information and belief, plaintiff is an employee of PlayBill.

22.     Plaintiff took photographs at the event on behalf of PlayBill.

23.     As a result, the photographs constituted work for hire as the photographs were taken within the scope of Plaintiff's employment by Playbill.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24.     Plaintiff is barred from recovering statutory damages for failure to register its copyright within the time allowed under Section 412 of the Copyright Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

25. Any alleged use by 621 of any allegedly copyrighted images constitutes "fair use" under Section 107 of the Copyright Act.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff's allegations of copyright infringement under the Copyright Act are barred due to Plaintiff's misuse of copyright.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff's allegations of copyright infringement under the Copyright Act are barred by the doctrine of de minimis use.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

28. This Court lacks jurisdiction over the Defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the Statute of Limitations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate its damages.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

31. Defendant did not willfully violate Plaintiff's copyright.

## III.

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff 621 Events LLC ("Defendant" or "621"), pursuant to Federal Rule of Civil Procedure 14(a)(1), for its claims against Third-Party Defendant, Spot & Company of Manhattan Inc., (hereinafter "SpotCo"), states as follows:

### PARTIES AND JURISDICTION

1. 621 is a domestic corporation with its principal place of business at Hudson Terrace, 621 W. 46th Street, New York NY 10036, New York, NY 10001.

2. SpotCo is a domestic corporation with its principal place of business at 114 W41st Street, 18th Floor, New York, NY 10036.

3. This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367, as the claims against Third-Party Defendant form part of the same case and controversy as the Complaint.

### BACKGROUND FACTS

4. Defendant operates a venue at 621 West 46th Street in New York City and does business as Hudson Terrace.

5. In May 2015, 621 entered into a contract ("contract") with SpotCo for a cocktail party named "Tony Awards Nominees for Creative Arts" to be held at defendant's venue on May 20, 2015.

6. Under the contract 621 provided SpotCo with use of its space, food, bar and staff for the event in return for publicity from the event.

7. The contract specifically provided that Defendant had "the right to post any photos from the event to the Hudson Terrace Web Site."

8. Under the contract, SpotCo assumed all costs arising out of the use of any intellectual property in connection with the event.

9. On information and belief, SpotCo made the necessary arrangement with the photographers present for the assignment of the right to 621 to use any photographs.

10. SpotCo directly or indirectly allowed Plaintiff access to the venue to take photographs on behalf of Playbill to publicize the event.

11. SpotCo had or should have assigned the Defendant the right to post any photographs taken at the event including the photographs allegedly taken by Plaintiff.

12. Under the terms of the agreement, SpotCo agreed to indemnify and hold Defendant harmless including reasonable attorney's fees arising from SpotCo's use of the venue.

## COUNT I
## DECLARATORY JUDGMENT

13. Defendant/Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs enumerated 1-12 of the within Third Party Complaint as if more fully set forth at length herein.

14. At all times relevant to Plaintiff's claims against 621, 621 was acting in accordance with the agreement by and between 621 and SpotCo wherein SpotCo agreed that 621 could use all photographs from the event hosted by SpotCo and to fully defend and indemnify 621.

15. As such, SpotCo has an obligation to defend and indemnify 621 against all of the Plaintiff's claims.

16. 621 notified SpotCo of the Plaintiff's Complaint and tendered defense to SpotCo on August 29, 2018.

17. SpotCo declined to indemnify and undertake 621's defense.

WHEREFORE, Defendant/Third-Party Plaintiff requests the Court enter judgment in its favor of 621 and against Third-Party Defendant, SpotCo, as follows: (a) adjudging, decreeing and declaring that SpotCo has an obligation to defend and indemnify 621 against all claims asserted by the Plaintiff; (b) Ordering SpotCo to pay for all costs incurred by 621 as a result of SpotCo' S failure to defend them against the claims made by the Plaintiff, including attorneys fees; and (c) Ordering SpotCo to indemnify 621 for any judgment obtained by Plaintiff against 621.

WHEREFORE, Defendant/Third-Party Plaintiff, 621 Events LLC respectfully requests relief as follows:

1. Judgment in the Defendant/Third-Party Plaintiff's favor against Plaintiff dismissing the Complaint with prejudice, awarding costs, disbursements, and reasonable attorney fees, together with such other and further relief as this Court deems just and proper and demands judgment in its favor;

2. Awarding judgment in the Defendant/Third-Party Plaintiff's favor and against Third-Party Defendant, Spotco, as follows:

    (a) adjudging, decreeing and declaring that Spotco has an obligation to defend and indemnify 621 against all claims asserted by the Plaintiff;

    (b) Ordering Spotco to pay for all costs incurred by 621 as a result of Spotco's failure to defend them against the claims made by the Plaintiff, including attorney's fees; and

    (c) Ordering Spotco to indemnify 621 for any judgment obtained by Plaintiff against 621.

  3. Granting all attorneys' fees and expenses, plus reasonable costs and disbursements associated with this action; and

  4. Granting such other and further relief as may be just and proper.

Dated: Garden City, New York
   October 11, 2018

            Yours, etc.

            PETER J, TOMAO, ESQ.
            Attorney for Defendant 621 Events LLC
            600 Old Country Road, Suite 328
            Garden City, NY 11530
            (516) 877-7015

            _____
            PETER J. TOMAO, ESQ.
            (PT 6409)

TO: Richard Liebowitz, Esq.
   Liebowitz Law Firm, PLLC
   Attorneys for Plaintiff
   11 Sunrise Plaza, Suite 301
   Valley Stream NY 11580

   SPOT & COMPANY OF MANHATTAN, INC.
   114 W41st Street, 18th Floor
   New York, NY 10036