# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 30, 2018

**BY ECF**
**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1506**
**New York, NY 10007**

      Re:    *Marzullo v. 621 Events, LLC*
             ***Docket No. 1:18-cv-06352 (RA)***

Dear Judge Abrams,

    Pursuant to Your Honor's October 30, 2018 Scheduling Order (Dkt. 26), Plaintiff Joseph Marzullo ("Marzullo") and Defendant 621 Events, LLC, ("621 Events") jointly submit this letter in anticipation of the Initial Status Conference scheduled for 5:00 PM on December 3, 2018.

### 1. Brief Description of the Case

**Plaintiff's Perspective**

    Marzullo is a professional photographer whose livelihood depends largely on licensing of his images to publishers and media outlets. Marzullo used his skill, talent and artistic ability to photographs an event held at the Hudson Terrace for the Tony Awards. Marzullo retained all rights and interest in the photographs. The photographs were properly registered with the U.S. Copyright Office.

    621 Events ran an article on its website that prominently featured thirty one (31) of the photographs in question. Marzullo did not license, give permission nor consent to publication of the photographs by 621 Events.

    As a direct result of 621 Events's infringement Marzullo lost the opportunity to license the photographs and the market for these photographs were adversely affected by 621 Events' activities.  Marzullo asserts that 621 Events' infringement was willful, intentional, purposeful, and in disregard or indifference to Marzullo's rights in the photographs.

    Accordingly, Marzullo seeks damages against 621 Events for the copyright infringement as well as costs and attorney's fees for the willful conduct.  The Second Circuit has defined "willfulness" as the defendant's actual or constructive knowledge that his actions constitute an infringement; thus, "reckless disregard of the copyright holder's rights." *N.A.S Imp. Corp. v. Chenson Enterpr.,* 968 F.2d 250, 252 (2d Cir. 1992); *see also Yurman Design, Inc. v. PAJ,*



*Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement. A plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement.") (internal quotation marks and citations omitted).

### **Defendant's Perspective**

621 Events contends that it is not liable to Plaintiff for use of any photographs. 621 Events used such photographs pursuant to its agreement with Spot & Company of Manhattan, LLC ("Spotco"). 621 Events agreed to allow Spotco to use its venue without charge in exchange for publicity from the event, including "the right to post any photos from the event to the Hudson Terrace Web Site."

Apparently, Marzullo was present on 621 Events' property under an invitation from Spotco to take photographs on behalf of Playbill to be used in connection with publicity of the event. The photographs were apparently published on Playbill.com in an article under Plaintiff's by-line. See http://www.playbill.com/article/photo-call-2015-tony-awards-creative-arts-cocktail-party-com-349606(visited 11/29/18).

There is also a standing issue in this matter as the Marzullo was hired by a non-party company, Playbill, as a reporter and photographer. Given this employment relationship by and between the Marzullo and non-party Playbill, a work-for-hire relationship was created and as such, any alleged claims for copyright infringement can only be alleged by the non-party company Playbill and not the Marzullo.

### **Factual Background**

621 Events operates a venue at 621 West 45th Street in New York City and does business as Hudson Terrace.  In May 2015, Defendant entered into a contract with Spotco for a cocktail party named "Tony Awards Nominees for Creative Arts" to be held at 621 Events' venue on May 20, 2015. Under the agreement Defendant directly and indirectly donated the space, food, bar and staff for the event in return for publicity from the event. In addition, 621 Events lost potential revenue from renting the venue for other events. Spotco did not pay anything for the event. The agreement specifically provided that 621 Events had "the right to post any photos from the event to the Hudson Terrace Web Site."  Under this agreement, Spotco assumed all costs arising out of the use of any intellectual property in connection with the event.

Spotco at all times defined the event as a "press event" and had made the necessary arrangement with the photographers present.   As a result, all photographs including those taken by Plaintiff could be used under the agreement. The agreement belies Plaintiff's allegation that "621 did not license the Photographs from Plaintiff for its article nor did 621 have Plaintiff's permission or consent to publish the Photograph on its website." In fact, the clear inference of the assignment of the right to post photos by Spotco to the Defendant is that Plaintiff had consented to Spotco assigning Defendant the right to post the photographs on its website.

Plaintiff apparently gained access to the venue from Spotco to photograph on behalf of Playbill in order to publicize the event. Plaintiff knew, or should have known, that Spotco had assigned the Defendant the right to post any photographs taken at the event.

Apparently, the photographs taken by Plaintiff constituted work for hire as the photographs were taken within the scope of Plaintiff's employment by Playbill.

In addition, it appears that WENN Ltd is offering the subject photographs for sale through Age Fotostock America, Inc. See https://www.agefotostock.com/age/en/Stock-Images/Rights-Managed/WEN-wenn22513763 (visited 11/29/18).

Under the terms of the agreement, Spotco agreed to indemnify and hold Defendant harmless including reasonable attorneys fees arising from Spotco's use of the venue.

At a minimum, Plaintiff has failed to join one or more necessary parties to this litigation.

**Pending Third Party Action against Spotco**

621 Events instituted a third party action against Spotco and others on October 12, 2018, by filing a cross-complaint which is document 22 in the docket of this case. Spotco was properly served as set forth in the Affidavit of Service which is document 27 in the docket of this case but has not responded to the Third Party Complaint. Accordingly on November 21, 2018, 621 Events asked the Clerk of the Court to enter a default against Spotco. Subsequently, on November 30, 2018, counsel for Spotco contacted counsel for 621 Events and counsel for both parties agreed to extend the time for Spotco to answer to December 21, 2018.

2. **Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over the Defendant because the Defendant is a domestic LLC organized under New York law, and resides with its primary office and place of business and is transacting business in this Judicial District. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b).

621 Events is a limited liability company each of the entity's members is a citizen of the United States.

3. **Contemplated Motions**

**Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on liability for copyright infringement.

**Defendant**

3

Defendant anticipates filing a motion challenging Plaintiff's standing in this matter. As noted above, Marzullo was hired by a non-party company, Playbill, as a reporter and photographer. Given this employment relationship by and between the Marzullo and non-party Playbill, a work-for-hire relationship was apparently created and as such, any alleged claims for copyright infringement can only be alleged by the non-party company Playbill and not the Marzullo.

**4. Discovery**

The proposed case management plan and scheduling order which the parties are submitting with this letter, Initial disclosures are due on November 30, 2018 and discovery will be completed by May 1, 2019.

**Plaintiff's Perspective**

The parties engaged in some preliminary exchange of information relating to settlement. Since the Plaintiff is entitled to either his damages or Defendant's profits on the copyright infringement claim, he would like to see discovery that establishes the image sourcing, expenses saved, profits reaped, and willfulness.

**Defendant's Perspective**

Defendant has served Plaintiff with Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A).

Plaintiff has not provided any documentation. Plaintiff did not provide the documentation as directed by the Court's mediation order dated July 18, 2018 including "copies of records sufficient to show the royalty paid the last three times the picture that is at issue in this case was licensed, as well as the number of times the picture was licensed in the last five years." Plaintiff did not respond to 621 Events' request for other information. Although as indicated above, the photographs on currently for sale.

Defendant expects that as part the initial disclosure, Plaintiff will disclose, inter alia, the amount he was paid by PlayBill for taking the pictures and writing the article, a copy of his employment agreement with PlayBill which was in effect at that time, how he gain access to the Hudson Terrace for the event; any correspondence and emails inviting Plaintiff and/or PlayBill to attend the event, including any press credentials used to attend and any documentation regarding the sale any of the subject photographs or any similar photographs through Wenn,Ltd., Age Fotostock America, Inc. or by any other means.

Defendant expects that discovery will be necessary from Spotco, PlayBill, Wenn Age Fotostock America, Inc. and possibly others.

**5. Computation of damages**

**Plaintiff's Perspective**

4

Plaintiff is eligible for damages and costs as well as potential attorney's fees for this willful and bad-faith infringement. To determine damages plaintiff requires knowledge of the image sourcing, traffic and social media shares, and the revenue of Defendant as related to the article in question.

**Defendant's Perspective**

As to damages, Plaintiff has not shown any real damages as a result of any use of copyrighted photographs on Defendant's website or whether he has any standing to assert any claims against the Defendant. Under 621 Events' agreement with Spotco, Spotco would be responsible for any damages as well as 621 Events' legal fees.

Given 621 Events' agreement with Spotco. Marzullo cannot show willfulness on the part of 621 Events for any use of the photographs.

**6. Prospect for Settlement**

The parties engaged in preliminary settlement discussions and the parties engaged in a mediation but it was unsuccessful.

Defendant maintains that settlement is not possible without the participation of Spotco and possibly Playbill.

**7. Trial**

The parties want a jury trial and estimate a 1-5 day jury trial.

Respectfully Submitted,

| | |
|---|---|
| By: /s/ Richard P. Liebowitz | By: /s/ |
| Richard P. Liebowitz. Esq. | Peter J. Tomao, Esq. |
| Liebowitz Law Firm, PLLC | 600 Old Country Road, Suite 328 |
| 11 Sunrise Plaza, Suite 305 | Garden City, NY 11530 |
| Valley Stream, NY 11580 | Phone: (516) 877-7015 |
| (516) 233-1660 | ptomao@tomaolaw.com |
| RL@LiebowitzLawFirm.com | *Attorneys for Defendant-Third Party Plaintiff* |
| *Attorneys for Plaintiff* | |